IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| CONNIE L. WINDHAM, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CV 516-083 |
| JEFF SESSIONS, Attorney | * | |
| General, UNITED STATES | * | |
| DEPARTMENT OF JUSTICE, and | * | |
| FEDERAL BUREAU OF PRISONS, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

## O R D E R

In this case, which arises out of Plaintiff's employment with the Federal Bureau of Prisons, Plaintiff alleges that Defendants retaliated against her for testifying against the BOP in a race-discrimination case and that Defendants discriminated against her because of her gender. Defendants move to dismiss Plaintiff's claims, arguing (1) that Plaintiff did not exhaust all of her administrative remedies, (2) that she has not pleaded that she suffered any adverse employment actions, and (3) that she has not pleaded facts supporting her gender-discrimination claim. The Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion.

## I. Background

Accepting the facts alleged in Plaintiff's complaint as true and viewing the allegations in the light most favorable to Plaintiff, as the Court must, see Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007), the facts of this case are as follows.[1] Plaintiff began working for the Federal Bureau of Prisons (the "BOP") in 2001. (Doc. 1, Compl. ¶ 12.) From 2001 until early 2014, Plaintiff worked at a correctional facility in Jesup, Georgia. (See id. ¶¶ 12-13, 28.)

In November 2013, Plaintiff testified to an Equal Employment Opportunity ("EEO") investigator on behalf of coworker, Rackey Pasley, who had filed a race-discrimination complaint against the BOP. (Id. ¶ 14.) A few days later, Plaintiff questioned her supervisor, Paul Wells, whether he had been skipping Plaintiff and Pasley when selecting employees for overtime opportunities. (Id. ¶ 20.) In response, Plaintiff alleges, Wells "became angry" and "started bullying her to intimidate her." (Compl. ¶ 21.) Around the same time, some of

---

[1] Defendants styled their motion as Defendants' "Motion to Dismiss the Complaint, or in the Alternative Motion for Summary Judgment" (see doc. 9), and they refer to matters outside the pleadings. In response, Plaintiff has filed with the Court a number of exhibits, attempting to show that enough factual disputes exist to defeat summary judgment. Because no discovery has taken place in this case, the Court treats this motion only as a motion to dismiss and declines to rely on the majority of the parties' evidence. As discussed below, however, the Court does look beyond the pleadings when addressing Defendants' argument that Plaintiff failed to exhaust all of her administrative remedies.

2

Plaintiff's coworkers began calling Plaintiff names. (Id. ¶ 25.) They routinely called her "LT," "unhappy camper," and "Gestapo." (Id. ¶ 26.) In December 2013, the BOP notified Plaintiff that it was transferring her to a new facility in January 2014. (Id. ¶ 28.) The BOP then moved her two more times in January. (Id. ¶ 31.) And the workplace ridicule continued throughout the moves: in April, for example, a manager gave Plaintiff a whistle in front of inmates and other staff members, stating that the gift was "a whistle for a whistle-blower." (Id. ¶ 35.)

Plaintiff filed this lawsuit in September 2016, alleging that Defendants retaliated and discriminated against her in violation of Title VII. Defendants now move to dismiss Plaintiff's complaint, arguing that she failed to exhaust her administrative remedies for one claim and that her complaint fails to state a claim for the others. (Doc. 9.)

## II. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The Court, however, need not accept legal conclusions as true,

3

only well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

### III. Discussion

Plaintiff alleges that Defendants retaliated against her for speaking to the EEO investigator: she claims that Wells denied her overtime opportunities, that the BOP improperly transferred her, and that her coworkers ridiculed her. Plaintiff also alleges that Defendants discriminated against her because of her gender. Defendants move to dismiss Plaintiff's complaint. They argue (1) that Plaintiff did not exhaust her administrative remedies with respect to her allegations that Wells denied her overtime opportunities, (2) that Plaintiff's reassignments and allegations of name-calling were not adverse

4

employment actions, and (3) that Plaintiff has failed to plead any facts supporting her gender-discrimination claim.[2]

## A. Whether Plaintiff Exhausted Her Administrative Remedies

As noted, Plaintiff contends that Defendants retaliated against her in a number of ways, including by not allowing her to work overtime. Defendants argue that Plaintiff did not exhaust her administrative remedies for this claim because she did not contact the EEO office within 45 days from the date Wells denied her overtime opportunities in November 2013. See 29 C.F.R. § 1614.105(a)(1).

Before filing suit under Title VII, a federal employee must exhaust her administrative remedies so that the agency has "the information it needs to investigate and resolve the dispute between the employee and the employer." Crawford v. Babbit, 186 F.3d 1322, 1326 (11th Cir. 1999) (citation omitted) (internal quotation marks omitted). As part of the exhaustion requirement, a plaintiff must "initiate contact with [an EEO] Counselor within 45 days of the date of the" wrongful act. 29 C.F.R. § 1614.105(a)(1). And when a plaintiff does not initiate contact within the 45-day period, her claims are typically

---

[2] In her complaint, Plaintiff requests punitive damages, and Defendants move to dismiss that request because punitive damages are not recoverable against government agencies. Because Plaintiff concedes this point, the Court **GRANTS** Defendants' motion to dismiss on this issue.

5

barred. Ramirez v. Sec'y, U.S. Dep't of Transp., 686 F.3d 1239, 1242 (11th Cir. 2012).

According to Defendants, Plaintiff did not contact the EEO office until March 3, 2014, over 100 days after Wells denied her overtime opportunities.[3] (See Doc. 9-1.) Without citing any authority on the issue, Plaintiff argues that she timely exhausted her administrative remedies because she "filed within forty-five days of a precipitating event (her third transfer)" (doc. 21 at 2), but she does not dispute that she did not contact the EEO office until March 3, 2014. Because Plaintiff did not contact anyone from the EEO office until more than 45 days after Wells denied her overtime opportunities, the Court **GRANTS** Defendants' motion on this issue.

B. **Whether Plaintiff has Pleaded that She Suffered Adverse Employment Actions**

Under Title VII, it is unlawful for an employer to, among other things, discriminate against an employee because the employee "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the statute. 42 U.S.C. § 2000e-3(a). A

---

[3] On a motion to dismiss, the Court may view matters outside the pleadings when determining whether a plaintiff has exhausted her administrative remedies. See Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008). Indeed, the Court is permitted to make factual findings and resolve disputes as long as the Court does not reach the merits of a claim. See id. at 1376. Here, the Court has reviewed the complaint of discrimination that Plaintiff filed with the Department of Justice, which shows that Plaintiff first contacted the EEO office on March 3, 2014. (Doc. 9-1.) But the Court has not resolved any factual disputes because Plaintiff does not argue that she contacted the EEO office before that date.

6

plaintiff asserting a Title VII retaliation claim must prove "(1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events." Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007) (citation omitted) (internal quotation marks omitted).

Defendants only challenge whether Plaintiff has pleaded that she suffered adverse employment actions. Plaintiff contends that she suffered adverse employment actions when (1) the BOP transferred her to different facilities and (2) when her coworkers mocked her for testifying on behalf Pasley. Defendants argue that Plaintiff's transfers did not materially affect her employment conditions and that name-calling cannot support a Title VII retaliation claim.

1. Plaintiff's Transfers

Defendants argue that Plaintiff's transfers do not support a retaliation claim because she "cannot demonstrate any serious or material change to her employment . . . ." (Doc. 9 at 8.) And citing Davis v. Town of Lake Park, 245 F.3d 1232, 1239 (11th Cir. 2001), they contend that "[a]n adverse employment action is one that involves a serious and material change in the terms, conditions, or privileges of employment." (Id. at 7 (internal quotation marks omitted) (emphasis omitted).) But that is no longer the standard for evaluating adverse employment actions in

7

retaliation cases. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

In Burlington, the Supreme Court held that a plaintiff in a retaliation case need only prove that she suffered a materially adverse action, which means that the action "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. (citation omitted) (internal quotation marks omitted). This holding "significantly broaden[ed]" the standard for analyzing adverse employment actions in retaliation cases. Crawford v. Carroll, 529 F.3d 961, 974 n.15 (11th Cir. 2008). Indeed, the Court's holding in Burlington "strongly suggests that it is for a jury to decide whether anything more than the most petty and trivial actions against an employee should be considered 'materially adverse' . . . ." Id. at 973 n.13.

Plaintiff alleges that the BOP transferred her three times in retaliation for testifying on behalf of Pasley. Viewing these allegations in the light most favorable to Plaintiff, the Court is satisfied that Plaintiff has alleged that the transfers "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington, 548 U.S. at 68 (citation omitted) (internal quotation marks omitted). That is, if employees feared being transferred to different facilities, they may not be willing to testify against

Defendants. Accordingly, the Court **DENIES** Defendants' motion on this issue.

2. <u>Plaintiff's Coworkers' Actions</u>

As noted, Plaintiff alleges that, after she testified to the EEO investigator, her coworkers began routinely calling her "LT," "unhappy camper," and "Gestapo." (Compl. ¶ 26.) And on one occasion, a manager gave Plaintiff a whistle and said, "a whistle for a whistle-blower." (Compl. ¶ 35.) Defendants contend — and Plaintiff does not dispute — that Plaintiff is asserting a claim of retaliatory hostile work environment. See <u>Gowski v. Peake</u>, 682 F.3d 1299, 1311 (11th Cir. 2012).

In essence, a claim for retaliatory hostile work environment arises when an employer subjects an employee to a hostile work environment in retaliation for engaging in protected conduct under 42 U.S.C. § 2000e-3(a). <u>Gowski</u>, 682 F.3d at 1311-12. Thus, to succeed on a retaliation claim based on a hostile work environment, a plaintiff must prove that the defendant created a hostile work environment, which requires showing that the actions complained of were "severe or pervasive." <u>Id.</u> at 1312. In evaluating the severity of a defendant's conduct, courts consider "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably

interferes with the employee's job performance." Id. (citation omitted) (internal quotation marks omitted).

Defendants argue that Plaintiff's claim fails because a "few offensive utterances spoken about employees are not severe or pervasive enough to constitute materially adverse action." (Doc. 9 at 9.) But Plaintiff alleges that she was routinely mocked because she testified against the BOP, not that she witnessed a "few offensive utterances." The Court is thus satisfied that Plaintiff has pleaded a plausible claim of retaliatory hostile work environment. See Drew v. Plaza Constr. Corp., 688 F. Supp. 2d 270, 280 (S.D.N.Y. 2010) ("The Court is persuaded that [Plaintiff] has alleged facts that make out a plausible hostile discrimination claim against Plaza [because Plaintiff] alleges that Smith was harsh and critical, made unreasonable demands, and often raised his voice and directed profanity at Drew, while treating the Caucasian employees much more favorably."). The Court thus **DENIES** Defendants' motion on this issue.

C. **Whether Plaintiff has Pleaded a Claim of Gender Discrimination**

Under Title VII, it is unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a).

In her complaint, Plaintiff alleges that Defendants "discriminated against Plaintiff on the basis of her gender." (Compl. ¶ 47.) She does not, however, offer any explanation about why she thinks Defendants discriminated against her or point to any facts supporting her claim.[4] And after reviewing the complaint, the Court is unable to locate any facts supporting this claim. Accordingly, the Court **GRANTS** Defendants' motion to dismiss on this issue.

### IV. Conclusion

In sum, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss. (Doc. 9.) The Court's stay of discovery (doc. 27) is **LIFTED**. The parties must conduct their Rule 26(f) conference within **fourteen days**, and they must file an updated Rule 26(f) report within **seven days** after their conference.

**ORDER ENTERED** at Augusta, Georgia this 27th day of June, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] In her briefs opposing Defendants' motion, Plaintiff mentions that she prevailed on a gender-discrimination claim in 2011, but she does not explain how this prior claim supports her current claim of discrimination.

11